**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CECIL O. HARVEY,                    :
                                                      Civil Action No. 06-1012 (JAG)
         Petitioner,    :

        v.            :        **OPINION**

OSCAR AVILES,                       :

        Respondent.    :


**APPEARANCES:**

Petitioner pro se
Cecil O. Harvey
A 31 212 403
Hudson County Correctional Center
35 Hackensack Ave.
Kearny, NJ 07032


**GREENAWAY, JR.**, District Judge

Petitioner Cecil O. Harvey, an alien currently confined at

Hudson County Correctional Center in Kearny, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant, to 28

U.S.C. § 2241.[1]  The sole respondent is warden Oscar Aviles.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

For the reasons stated herein, the Court will dismiss the Petition for lack of jurisdiction and will grant Petitioner leave to re-open and file a civil complaint.

## I.  BACKGROUND

Petitioner is an immigration detainee confined at Hudson County Correctional Center.  He complains that the warden charges him a 10% surcharge on commissary items, which is applied towards the State of New Jersey Victims of Crime Compensation Board.  He argues that the VCCB surcharge violates his rights to due process and equal protection because he is confined as a civil immigration detainee, rather than as a prisoner or pre-trial criminal detainee.  Petitioner seeks declaratory and injunctive relief as well as compensatory damages.

## II.  ANALYSIS

A.  Standard of Review

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions

2

must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1979), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> 28 U.S.C. §§ 2243, 2255.

B.   <u>The Petition Will Be Dismissed for Lack of Jurisdiction</u>

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  <u>See</u> <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-86 (3d Cir. 2001); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  <u>See</u>, <u>e.g.</u>, <u>Graham v. Broglin</u>, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, because "no matter what the outcome of "[Petitioner's] habeas petition, neither the fact nor the length

of his incarceration will be affected," habeas relief is
unavailable to Petitioner.  See Bronson v. Demming, 56 Fed. Appx.
551, 553-54 (3d Cir. 2002) (unpubl.).

The Court of Appeals for the Third Circuit has explained
that:

> whenever the challenge ultimately attacks the "core of
> habeas" -- the validity of the continued conviction or
> the fact or length of the sentence -- a challenge,
> however denominated and regardless of the relief
> sought, must be brought by way of a habeas corpus
> petition.  Conversely, when the challenge is to a
> condition of confinement such that a finding in
> plaintiff's favor would not alter his sentence or undo
> his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example,
in Bronson, Petitioner brought habeas petitions to challenge the
constitutionality of administrative decisions which placed him in
a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at
552.  The Court of Appeals rejected Petitioner's argument that he
could challenge the conditions of confinement in a habeas
petition, because, no matter what the outcome of the habeas
petition, the fact or length of Petitioner's incarceration would
not be affected.  See id. at 554.

Also, in Jamieson v. Robinson, 641 F.2d 138, 141 (3d Cir.
1981), the Court of Appeals for the Third Circuit noted that the
relief requested by the petitioner "would not serve to diminish
the length of his incarceration," but would "only ... alter the
conditions of his confinement."  The Court of Appeals followed

4

Supreme Court precedent in <u>Preiser v. Rodriguez</u>, 411 U.S. 478, 498-99 (1973), to note that the district court was incorrect in finding that the petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  <u>See</u> <u>Jamieson</u>, 641 F.2d at 141.

Here, because Petitioner's claim concerns a condition of prison life, not the fact or duration of his confinement, it is brought more properly in an appropriate civil action. Accordingly, this Petition will be dismissed for lack of jurisdiction.

This Court expresses no opinion as to the merits of Petitioner's claims.[2]  The Court will grant Petitioner 30 days leave, from the date of entry of the Order accompanying this Opinion, to advise the Court if he wishes to re-open this matter to proceed with this case as a civil action.  If Petitioner wishes to proceed with this case as a civil action, he should submit a new civil complaint.  In addition, he will be subject to the $250.00 civil action filing fee in effect on the date this Petition originally was filed, or he may apply to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915.  Any such civil

---

[2] The Court notes that the VCCB surcharge on prison commissary purchases, as applied to convicted prisoners, has been upheld as valid under the Due Process and Equal Protection clauses of the United States Constitution.  <u>See</u> <u>Myrie v. Comm'r</u> <u>New Jersey Dept. of Corrections</u>, 267 F.3d 251 (3d Cir. 2001).

action brought <u>in</u> <u>forma</u> <u>pauperis</u> will be subject to <u>sua</u> <u>sponte</u> screening under 28 U.S.C. § 1915(e)(2)(B).[3]

III.   <u>CONCLUSION</u>

For the reasons set forth above, this Petition will be dismissed for lack of jurisdiction.  An appropriate order follows.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 10, 2006

---

[3] Because of the additional filing fee and potential for screening under § 1915, this Court declines to recharacterize this habeas Petition, <u>sua</u> <u>sponte</u>, as a civil action.